UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LORRAINE WETZEL,

          **Plaintiff,**

   -against-                                        **REPORT AND**
                                                   **RECOMMENDATION**
                                                   06 Civ. 5144 (SCR)(MDF)

TOWN OF ORANGETOWN,
KEVIN NULTY, as Chief of Police, and             *ECF Case*
THOM KLEINER, as Supervisor,

          **Defendants.**

------------------------------------------------------------X

TO:    THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.

        Lorraine Wetzel ("Plaintiff") brings this declaratory judgment action against the Town of Orangetown, Chief of Police Kevin Nulty, and Supervisor Thom Kleiner pursuant to 42 U.S.C. § 1983 for violation of her First Amendment rights to free speech and to petition her local government for the redress of grievances. She brings a parallel claim under the New York State Constitution. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, I respectfully recommend that your Honor grant Defendants' motion.

## I. BACKGROUND

        Plaintiff is a 26-year veteran of the Town of Orangetown Police Department, and in January 2006, she became its first female lieutenant. Am. Compl. ¶ 6. In 2001, Plaintiff filed an action in New York state court alleging discrimination by the Orangetown Police Department.

*Id.* ¶ 9. In December 2003, Plaintiff commenced a federal action (*Wetzel v. Orangetown*, 03 Civ. 9896 (SCR)) ("*Wetzel I*"), and amended her complaint therein in July 2004, alleging gender discrimination based on her non-promotion in both January 2001 and January 2004. *Id.* ¶¶ 10-11. Six weeks after amending her complaint, Plaintiff was served with two sets of Police Department disciplinary charges, on September 3, and September 7, 2004; she alleges these charges were retaliatory and intended to thwart her chances for an upcoming promotion. *Id.* ¶¶ 12-13. In September 2005, the district court in *Wetzel I* denied, in substantial part, a motion to dismiss filed by Defendants Town of Orangetown and Chief Nulty. *Id.* ¶ 15. In January 2006, Plaintiff was promoted to the rank of lieutenant. *Id.* ¶ 16.

In her Amended Complaint in this action ("*Wetzel II*"), filed on August 10, 2006, Plaintiff alleges impropriety and unfairness in connection with the pending litigation in *Wetzel I* and the pending Police Department disciplinary proceedings. *Id.* ¶¶ 17-39. The gravamen of the Amended Complaint is that the public, and the Town's elected leadership, have a right to know about the unfair treatment, including gender discrimination, retaliation, and due process violations, to which Plaintiff has been subjected and that Plaintiff, through her attorney, should be permitted to present her grievances to the Town Board and the Supervisor in a public forum. *Id.* ¶¶ 40-74. It is alleged that a chilling effect, and a prior restraint, have been placed upon Plaintiff's attorney by Defendants' attorney, who has warned that if Plaintiff's attorney directly communicates with the Town leadership about matters related to either Plaintiff's pending federal litigation or the pending disciplinary proceedings, he will be acting in violation of an attorney ethics rule and may become the subject of a professional ethics complaint. *Id.* ¶¶ 48, 62-65, 75-83, 113. Plaintiff alleges that a proper reading of the attorney ethics rule in question, DR

2

7-104, would allow for her attorney to petition the Town government, on her behalf, for redress of grievances. *Id.* ¶¶ 84-101. Moreover, she makes a number of allegations, upon information and belief, against Defendant Kleiner who, she asserts, "is an active participant in defendants' refusal to allow plaintiff the right, through her attorney, to petition town government." *Id.* ¶¶ 104-12.

Based on these factual allegations, the Amended Complaint asserts two claims: 1) a federal claim pursuant to 42 U.S.C. § 1983 seeking a declaration that Plaintiff, individually and through her attorney, may communicate to her local government about governmental action and matters of public and private concern, as a function of her First Amendment rights to free speech and to petition for the redress of grievances, *id.* ¶¶ 116-25; and 2) a state law claim pursuant to the New York State Constitution seeking a declaration that Plaintiff, through her attorney, has the right, under the New York State Constitution, to petition her local government. *Id.* ¶¶ 126-29. Defendants move to dismiss the Amended Complaint.

## DISCUSSION

### A. **Standard of Review**

Defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(6) are governed by the same standard. *See Hunt v. Pritchard Indus., Inc.*, Nos. 07 Civ. 0747, 07 Civ. 1382, 2007 WL 1933904, at *3 n.4 (S.D.N.Y. July 3, 2007) ("The standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical.") (internal quotation marks and citations omitted); *see also Drees v. County of Suffolk*, No. 06-CV-3298, 2007 WL 1875623, at *4 (E.D.N.Y. June 27, 2007) (motions under Rules 12(b)(1) and 12(b)(6) are governed by same standard). Therefore, in considering the motions, the court is required to accept the facts alleged in the complaint as true

and to draw all reasonable inferences in favor of the plaintiff. *See Hunt, supra*, at *3; *Drees, supra*; *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (deciding Rule 12(b)(1) motion).[1] In deciding a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), documents attached to the complaint may be considered by the court. *See Brown v. DeFrank.*, No. 06 Civ. 2235, 2006 WL 3313821, at *16 (S.D.N.Y. Nov. 15, 2006). In addition, the court "may refer to evidence outside the pleadings" in deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Id.* at *15 n.4 (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Where motions to dismiss are brought pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as well as on other grounds, the court must decide the Rule 12(b)(1) motion first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (internal quotation marks and citations omitted); *see also Drees*, 2007 WL 1875623, at *5 (Rule 12(b)(1) motion must be decided first since disposition of Rule 12(b)(6) motion is decision on the merits and thus an exercise of jurisdiction).

### B. Standing to Sue

Defendants contend that since they "have not taken any action to prevent Plaintiff from verbally or in writing addressing them with respect to any of her concerns, she has not suffered any constitutional injury that can form the basis of an action against them and her claims for such

---

[1] However, on a Rule 12(b)(1) motion, the plaintiff bears the burden of proof, while on a Rule 12(b)(6) motion, the defendant bears such burden. *See Brown v. DeFrank.*, No. 06 Civ. 2235, 2006 WL 3313821, at *15 n.4 (S.D.N.Y. Nov. 15, 2006) (citing cases).

are premature." Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 16 (citing *Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 375-76 (N.D.N.Y.), *aff'd*, 83 Fed. Appx. 363 (2d Cir. 2003) (unpublished summary order) and *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002)). Although Defendants frame their argument in terms of the ripeness of Plaintiff's claims, the decisions in both *Prestopnik* and *Colombo* were based on standing. Therefore, I will consider whether Plaintiff lacks standing to bring a claim under 42 U.S.C. § 1983 for violation of her First Amendment rights.[2]

"'The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.'" *Bordell v. General Elec. Co.*, 922 F.2d 1057, 1060 (2d Cir. 1991) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)). Therefore, "irrespective of the merits of [a plaintiff's] substantive claims, Article III requires us, as a threshold matter, to determine 'whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal-court jurisdiction

---

[2] Ripeness relates to the justiciability of a claim. "Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. A hypothetical or abstract dispute does not present a case or controversy: '[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality' to justify judicial resolution." *Marchi v. Bd. of Coop. Educ. Svcs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "[R]ipeness is a 'constitutional prerequisite to exercise of jurisdiction by federal courts.'" *Id.* (quoting *Fed. Election Comm'n v. Cent. Long Island Tax Reform Immediately Comm.*, 616 F.2d 45, 51 (2d Cir. 1980)) (internal quotation marks omitted). "The Supreme Court has instructed that the ripeness inquiry requires courts to consider both the fitness of the issues for judicial decision and the hardship resulting from withholding judicial consideration." *Id.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977)). Thus, ripeness looks at the nature of the claims and assesses whether they are too hypothetical or abstract to be decided by a court of law, while standing looks at the nexus between the party asserting the claims and the claims themselves and assesses whether the plaintiff in question may properly bring the action.

and to justify exercise of the court's remedial powers on his behalf.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)) (emphasis in the original).

"[T]he irreducible constitutional minimum of standing contains three elements: (1) there must be an injury in fact, – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Port Washington Teachers' Ass'n v. Bd. of Educ. of Port Washington Union Free Sch. Dist.*, 478 F.3d 494, 498 (2d Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted). *See also Bordell*, 922 F.2d at 1060 ("Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)) (citations omitted).

In this case, Plaintiff fails to satisfy the first element of standing, as there are no allegations that she herself has suffered any constitutional injury in fact, nor does she allege that she might suffer any such injury in the future.[3] In the entire Amended Complaint, only a single conclusory allegation is made: "Defendants' refusal to permit plaintiff herself to address the

---

[3]To the extent that Plaintiff is seeking to vindicate the First Amendment rights of her attorney, she still must herself have suffered an injury in fact in order to be able to do so. *See Bordell*, 922 F.2d at 1061 ("Because Bordell has failed to establish an injury in fact, his attempt to assert the rights of other KAPL employees must fail."). Moreover, given that her attorney's injury allegedly stems from the invocation and possible application of an attorney ethics rule, it is hard to imagine circumstances in which Plaintiff could ever have standing to assert such a claim on his behalf.

Town Board on the subject of the pending disciplinary proceedings, and its potential use of police department general orders to enforce such prohibition, also constitutes a prior restraint and a denial of First Amendment rights." Am. Compl. ¶ 122. This allegation refers to Orangetown Police Department General Order No. 130, which states, "No member or members of the Department shall initially contact the Supervisor, Town Board or members thereof on Police problems or matters except through regular channels or by permission of the Chief of Police." O.P.D. G.O. 130, § II.A., ¶ 75. In this case, the only means that Plaintiff undertook to initially contact the Supervisor or Town Board on a Police problem or matter, *i.e.*, her disciplinary proceedings, was to seek the permission of Chief Nulty. *See* Klein Decl. Ex. C. She does not allege that she sought to communicate with the Supervisor and/or Town Board "through regular channels." Having availed herself of only one of the two possible options, there is no basis for finding that Plaintiff was unable to exercise her First Amendment rights with respect to concerns involving her disciplinary proceedings.

Furthermore, there are no allegations that Plaintiff personally tried to address the Town Board and/or Supervisor on any other issues, nor are there allegations that she was prevented from doing so. While Chief Nulty withheld his consent to Plaintiff "either personally or through a representative, [addressing] any concerns she has to the Town Board about the pending disciplinary proceeding," Am. Compl. Ex. 2 (Aug. 9, 2006 letter from Lance Klein, Esq., to Michael Diederich, Esq.), his attorney stated that "[w]ith respect to [Plaintiff's] concerns about gender discrimination and waste of tax payer dollars ... as long as it doesn't have anything whatsoever to do with the disciplinary matter, Chief Nulty has no objection to your client, herself, speaking to the Town Board." *Id.*

7

"While the fact that a plaintiff's speech has actually been chilled can establish an injury in fact, '[a]llegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" *Bordell*, 922 F.2d at 1060-61 (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)). "Rather, to establish standing in this manner, a plaintiff must proffer some objective evidence to substantiate his claim that the challenged conduct has deterred him from engaging in protected activity." *Id.* at 1061 (citing *Meese v. Keene*, 481 U.S. 465, 473-74 (1987)). Here, there is nothing, in either the Amended Complaint or Plaintiff's filings in opposition to the motion to dismiss, to substantiate her claim that Defendants' conduct has had a chilling effect on the exercise of her First Amendment rights. Rather, the main thrust of her argument is that Defendants' conduct has had a chilling effect on her attorney's exercise of his First Amendment rights.[4]

Because Plaintiff has failed to establish an injury in fact, she lacks standing to sue, and therefore, I recommend that her federal claim be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[5]

C. **Plaintiff's State Constitutional Claim**

Because I recommend that Plaintiff's federal claim be dismissed, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state constitutional claim and

---

[4]Plaintiff's attorney states that he will not allow Plaintiff to address the Town Board directly since it may result in her making misstatements of law which could be used as a "party admission" in her pending litigation or disciplinary proceedings. *See* Decl. of Michael Diederich, Jr. Opposing Defs.' Mot. to Dismiss ¶¶ 54, 56. However, advising his client not to speak does not give rise to a violation of her First Amendment rights by Defendants.

[5]Because I recommend dismissal of the federal claim for lack of subject matter jurisdiction, I need not address Defendants' Rule 12(b)(6) motion, *i.e.*, whether Plaintiff has stated a claim upon which relief can be granted. *See Port Washington Teachers' Ass'n*, 478 F.3d at 502 (unnecessary to decide other issues where court determines that plaintiff lacks standing).

dismiss it as well. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006); *Weathers v. Millbrook Cent. Sch. Dist.*, 486 F. Supp. 2d 273, 275-76 (S.D.N.Y. 2007).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that your Honor grant Defendants' motion to dismiss.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 621, White Plains, New York 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v.*

*Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Date: July 13, 2007
White Plains, New York

                                                 Respectfully submitted,

                                                 MARK D. FOX
                                                 UNITED STATES MAGISTRATE JUDGE