UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— :

LORRAINE WETZEL,                                :        06 Civ. 5144 (SCR)(MDF)
                                    Plaintiff,   :
                                                :
                                                :
                v.                              :        ORDER ADOPTING
                                                :        REPORT AND
TOWN OF ORANGETOWN, et al.                      :        RECOMMENDATION
                                                :
                                Defendants.      :
                                                :
——————————————————————— :

**STEPHEN C. ROBINSON, District Judge:**

        Plaintiff Lorraine Wetzel brings this action against the Town of Orangetown, its Chief of
Police Kevin Nulty, and Town Supervisor Thom Kleiner.  Plaintiff seeks a declaratory judgment
for violation of her First Amendment rights to free speech and to petition government.  Defendants
move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  This motion was referred to Magistrate
Judge Mark D. Fox for a report and recommendation.  Judge Fox recommended that the motion to
dismiss be granted.  For the reasons below, this Court adopts Judge Fox's recommendation.

## I. Facts

        A detailed factual background can be found in Judge Fox's report and recommendation.  In
short, plaintiff is a Lieutenant in the Orangetown Police Department.  In December 2003, plaintiff
initiated an action before this Court ("*Wetzel I*", No. 03 Civ. 9896), alleging gender discrimination
in promotions in the Orangetown Police Department.  In September 2004, plaintiff was served
with two sets of disciplinary charges, which she alleges were retaliatory.

        Plaintiff alleges that defendants have forbidden her, through her attorney, from addressing
the Town Board and Supervisor in a public forum, placing a chilling effect and a prior restraint on
her First Amendment rights.  Plaintiff alleges that the prior restraint is the result of a warning from
defendants' attorney that if plaintiff's attorney directly communicates with the town leadership
with respect to the pending litigation or disciplinary proceedings, he will be the subject of a
professional ethics complaint pursuant to N.Y. Code of Professional Responsibility DR 7-104,
which bars attorneys from communicating with a represented party.

## II. Analysis

### A. Standard of Review

        In reviewing a report and recommendation, a Court "may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §
636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

1

objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a *de novo* determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Here, petitioner timely filed objections to Judge Fox's entire report and recommendation and it will therefore be reviewed *de novo*.

## B. 12(b)(1) Standard

This court must decide the jurisdictional question first. *Telemedia Partners Worldwide v. Hamelin Ltd.*, No. 95 Civ. 2452, 1996 U.S. Dist. LEXIS 1118, *10 (S.D.N.Y. January 31, 2006) In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all factual allegations as true. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). Plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

## C. Standing

Judge Fox recommended that the complaint be dismissed because plaintiff lacks standing to assert her claims. Reviewing this recommendation *de novo*, this Court agrees. "Article III requires [a court], as a threshold matter, to determine whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Bordell v. General Electric Co.*, 922 F.2d 1057, 1060 (2d Cir. 1991)(internal quotations omitted); *see also Selevan v. N.Y. Thruway Auth.*, 470 F. Supp.2d 158, 166 (N.D.N.Y. 2007).

"[T]he irreducible constitutional minimum of standing contains three elements: (1) there must be an injury in fact, -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Port Wash. Teachers' Ass'n v. Bd. of Educ.*, 478 F.3d 494, 498 (2d Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))(internal quotations omitted).

Plaintiff has failed to establish an injury in fact which is either actual or imminent. First, plaintiff does not have standing to challenge the restraint on her counsel's right to address the elected officials of the town. *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 373 (N.D.N.Y. 2003)("Considerations of agency and constitutional law compel the conclusion that there is no First Amendment right to appear through an agent (including a licensed attorney) at a regularly scheduled, non-adversarial Board meeting").

Second, Orangetown Police Department General Order 130 prohibits plaintiff from contacting, regarding a police matter, the Town Supervisor or members of the Town Board except through regular channels or by permission of the Police Chief. Plaintiff in this case only sought

permission from the Police Chief to address the Town Supervisor or Town Board, but made no attempt to go through any other channel to address these persons.

Moreover, to the extent that plaintiff does have standing with respect to her right to speak to the Town Supervisor or Town Board regarding her disciplinary hearing, plaintiff has failed to state a claim because such speech would not be constitutionally protected. General Order 130 establishes that a police officer may not contact the Town Supervisor or members of the Town Board on a police matter. Such a restriction comports with the Supreme Court's pronouncement in *Garcetti v. Ceballos* that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 126 S. Ct. 1951, 1950 (2006). Put another way, if an employee can be disciplined, pursuant to *Garcetti*, for speech related to their employment, such speech can also be curtailed before it occurs.

Third, there is no allegation that plaintiff attempted to contact the Town Supervisor or Town Board regarding any matter other than her disciplinary proceeding. Indeed, defendants have indicated to plaintiff that she may address the Town Board regarding any matters other than the pending disciplinary proceeding. *Amended Complaint Ex. 2.*

Accordingly, plaintiff has failed to establish any actual or imminent constitutional injury and therefore has failed to establish standing to bring her claim. To the extent that plaintiff does having standing with respect to her right to address the Town Board regarding her disciplinary proceeding, her complaint fails to state a claim.

In addition to dismissing plaintiff's federal claims, this Court declines to exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(c)(3). These claims are therefore dismissed.

### III. Conclusion

For the reasons stated above, this Court adopts Judge Fox's well-reasoned report and recommendation in its entirety. Defendants' motion to dismiss is granted. The complaint is dismissed. The clerk of the court is directed to close the case.

*It is so ordered.*

White Plains, New York
Dated: *October   12*       , 2007

Stephen C. Robinson
United States District Judge